888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph H. SHAW, Plaintiff-Appellant,
v.
D.J. THOMPSON, K. Parker, E.E. Hodge, R.D. Britton, C.
Carroll, B. Bennett, A. Britt, Mr. Blackmon, James G.
Martin, Aaron J. Johnson, Joseph L. Hamilton, Nathan A.
Rice, Gary T. Dixon, Kenneth W. Harris, Carlton Joyner,
Lindy Wood, R.B. Seymour, Lacy H. Thornburg, Gene T.
Cousins, Defendants-Appellees.
 No. 89-7183.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 14, 1989.
Decided Oct. 20, 1989.
 
 Joseph H. Shaw, appellant pro se.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Shaw, a North Carolina inmate, claimed in this 42 U.S.C. Sec. 1983 action that on February 5, 1989, Central Prison "Officer D.J. Thompson became angry with me and without sufficient provocation drew his pocketknife on me, cursed me, butted me in my chest several times with his shoulders and dispensed an entire canister of mace DIRECTLY INTO MY FACE." Shaw alleged that he continues to suffer eye irritation, sinus problems, and bloody stools as a result of the attack.
 
 
 2
 Shaw was placed on segregation and told that he would be charged with disciplinary infractions, including assault or attempted assault on an officer. He ultimately was charged with and presumably convicted of threatening an officer, disrespect of an officer, and refusing to obey a direct order from Thompson. Shaw was sentenced to 30 days in punitive segregation and lost 30 days of good conduct time.
 
 
 3
 Shaw maintained that the attack by Thompson was constitutionally violative. He further contended that prison officials conspired to conceal Thompson's action and that he was denied due process protections in connection with the disciplinary proceedings.
 
 
 4
 The district court found that Thompson could not be absolved from all responsibility for the incident. However, because Shaw was not an innocent victim, the court determined that Shaw failed to establish a constitutional deprivation suffered "as a result of the discipline he received from the incident." The conspiracy and due process claims were not addressed. The action was dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Shaw appeals.
 
 
 5
 We remand for further development of the record. As the record now stands, Shaw's lawsuit has "an arguable basis in law," and sua sponte dismissal pursuant to Sec. 1915(d) was improper. See Nietzke v. Williams, 57 U.S.L.W. 4493, 4495-96 (U.S. May 1, 1989) (No. 87-1882).
 
 
 6
 We have recognized that "[t]he unjustified striking or beating of a prisoner by ... correctional officials constitutes cruel and unusual punishment which is actionable under 42 U.S.C. Sec. 1983." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). "Even when a prisoner's conduct warrants some form of response, evolving norms of decency require prison officials to use techniques and procedures that are both humane and restrained." Id.
 
 
 7
 The district court's reasoning that Shaw's conviction absolved Thompson of liability under Sec. 1983 and rendered the lawsuit frivolous is flawed. That an inmate is convicted of certain disciplinary violations does not automatically preclude the possibility that the guard involved in the incident reacted to those violations with constitutionally unreasonable force. Slakan v. Porter, 737 F.2d at 372.
 
 
 8
 Additionally, Shaw's assertions that officials conspired against him and that his due process rights were violated in connection with the disciplinary proceedings warrant further consideration. Wolff v. McDonnell, 418 U.S. 539 (1974), sets forth various procedural safeguards that must be accorded an inmate when disciplinary proceedings may result in segregation or loss of good time. We note, for instance, that Wolff held that inmates generally should be permitted to call witnesses at their hearings. Id. at 566-67. Shaw maintained that his witnesses did not testify, and he clearly implied that the hearing panel did not read his witnesses' statements before the hearing. If his allegations are true, as they are assumed to be at this stage of the proceedings, a claim under Sec. 1983 may arise.
 
 
 9
 Shaw's complaint stated a claim under Sec. 1983. We accordingly remand the case for further development of the record. On remand, an answer should be required. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 10
 VACATED AND REMANDED.